IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN FOY, | : |
| Plaintiff, | : 3:08-cv-00055-ARC-MEM |
| v. | : |
| | : JURY TRIAL DEMANDED |
| LUZERNE COUNTY and MICHAEL SAVOKINAS, in his individual capacity, | : |
| Defendants. | : |

## AMENDED COMPLAINT

Plaintiff Ryan Foy brings this action, pursuant to 42 U.S.C. § 1983, against Luzerne County and Luzerne County Sheriff Michael Savokinas to vindicate Plaintiff's right to political association under the First Amendment to the United States Constitution. The allegations herein are based on personal knowledge as to Plaintiff's own acts and are made on information and belief as to the acts of others.

## JURISDICTION AND VENUE

1.  This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.  Plaintiff Ryan Foy ("Plaintiff") is an individual residing in West Pittston, Pennsylvania.

4. Defendant Luzerne County ("the County") is a municipal subdivision existing under the laws of the Commonwealth of Pennsylvania and having its principal place of business in Wilkes-Barre, Pennsylvania.

5. Defendant Michael Savokinas ("Savokinas") is an individual residing in Luzerne County, and he is sued in his individual capacity.

6. During all relevant times, the County and Savokinas acted under color of state law.

## **FACTUAL ALLEGATIONS**

7. During all relevant times prior to January 7, 2008, Plaintiff was employed by the Luzerne County Sheriff's Office and held the job title of Real Estate Deputy.

8. The Real Estate Deputy position is not a policy-making position, and one's political beliefs or associations are not an appropriate requirement for the effective performance of the position. In particular:

    a. The official duties and responsibilities of the Real estate Deputy position consist almost entirely of completing routine paperwork and performing non-discretionary tasks related to the Real Estate Division, and Plaintiff, working with three clerks, spent virtually 100% of his time performing routine, non-discretionary functions such as data processing, file

preparation, document service, providing information to creditors, preparing cost and fee paperwork, collecting funds, bookkeeping, overseeing title searches, paying associated costs and fees, and processing sheriff's deeds;

b. Plaintiff had no authority to hire or fire any employees and, in fact, he never did so;

c. Plaintiff was not authorized to supervise any uniformed staff and, in fact, he never did so;

d. Plaintiff's salary of approximately $34,000 per year was not significantly different from the salaries received by rank-and-file Deputy Sheriffs;

e. Plaintiff was not authorized to participate in the budget-making process, and, in fact, he never did so;

f. Plaintiff was not authorized to participate in discussions or meetings in which office policy was discussed, and, in fact, he never had meaningful input into decision-making concerning office policy, the nature or scope of a major program, or the formulation of plans for the implementation of broad goals;

      g. Plaintiff never presided over Sherriff's sales, and office policy prohibited the Real Estate Deputy from making changes to rules or procedures applicable to Sheriff's sales;

      h. Plaintiff was not authorized to speak on behalf of the Sheriff or other governmental policymakers, and, in fact, Plaintiff never did so; and

      i. Office policy required Plaintiff to perform "as required" the general law enforcement duties of rank-and-file Deputy Sheriffs, and, in fact, Plaintiff regularly did so.

9. Plaintiff was well-qualified for the Real Estate Deputy position, and, throughout his employment, Plaintiff fully and competently performed his duties and responsibilities.

10. In the November 2007 General Election, Savokinas, a Democrat, was elected County Sheriff after a bitter political campaign against incumbent County Sheriff Barry Stankus, a Republican.

11. Throughout the 2007 election season, Plaintiff, a registered Republican, openly supported the candidacy of Incumbent Sheriff Stankus.

12. Carl Zawatski ("Zawatski"), a registered Democrat, is a close political associate of Savokinas. Throughout the 2007 election season, Zawatski played a

4

prominent role in Savokinas's political campaign operation and regularly appeared with and on behalf of Savokinas at public campaign events.

13. On January 7, 2008, Savokinas terminated Plaintiff's employment and immediately replaced Plaintiff with Zawatski.

14. The termination of Plaintiff's County employment was motivated entirely by political patronage. In particular, Savokinas acted with the purpose and intent of discriminating against Plaintiff, a perceived political adversary, in order to create a job vacancy for Zawatski, a close political associate and supporter.

## LEGAL CLAIMS

## COUNT I

### Asserted Against Savokinas, In his Individual Capacity, for Violating Plaintiff's First Amendment Rights Under 42 U.S.C. § 1983

15. Plaintiff repeats and reasserts the allegations set forth in all preceding paragraphs as though stated herein.

16. The First Amendment prohibits government officials from terminating or refusing to reappoint government employees based on the employee's political associations or based on the official's desire to make room for his own political supporters. See, e.g., Bennis v. Gable, 823 F.2d 723, 731 (3d Cir. 1987); Wrightson, et al. v. Lackawanna County, et al., 2005 U.S. Dist. LEXIS 28842, * 7-8 (M.D. Pa. Nov. 17, 2005).

17.   Savokinas's removal of Plaintiff from the Real Estate Deputy position was motivated by his desire to replace Plaintiff, an individual who supported a political adversary, with Zawatski, a close political associate and supporter.

18.   As a result of Savokinas's illegal conduct, Plaintiff has suffered damages, including, *inter alia*, lost wages and benefits and emotional pain and suffering.

WHEREFORE, Savokinas's conduct violated the First Amendment pursuant to 42 U.S.C. § 1983.

## COUNT II

### Asserted Against Luzerne County for Violating Plaintiff's First Amendment Rights Under 42 U.S.C. §1983

19.   Plaintiff repeats and reasserts the allegations set forth in all preceding paragraphs as though fully stated herein.

20.   As discussed in Count I *supra*, Savokinas violated Plaintiff's federal rights under the First Amendment to the United States Constitution.

21.   Under 42 U.S.C. § 1983, the County is vicariously liable for the unconstitutional conduct of Savokinas.  In particular, because Savokinas, as County Sheriff, held final policy-making authority over the relevant personnel decision, his conduct constitutes governmental policy for purposes of municipal liability under 42 U.S.C. § 1983.

22. As a result of the County's illegal conduct, Plaintiff has suffered damages, including, *inter alia*, lost wages and benefits and emotional pain and suffering.

WHEREFORE, the County is vicariously liable for the unconstitutional treatment of Plaintiff under 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter a declaratory judgment that Defendants' conduct was illegal under federal law;

(b) Enter an injunction reinstating Plaintiff to his County employment and prohibiting Defendants from engaging in future discriminatory or retaliatory conduct against Plaintiff;

(c) Award Plaintiff compensatory damages including, *inter alia*, monetary compensation for Plaintiff's lost wages, lost benefits, and emotional pain and suffering;

(d) Award Plaintiff punitive damages against Individual Defendants;

(e) Award Plaintiff all litigation costs, expenses, and attorney's fees recoverable under federal and state law, including, *inter alia*, 42 U.S.C. § 1988; and

(f)     Award such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury as to all issues so triable.


Date: March 24, 2008					Respectfully submitted,

							/s/ Peter Winebrake
							Peter Winebrake, Esq.
							THE WINEBRAKE LAW FIRM, LLC
							The Twining Office Center
							715 Twining Road, Suite 114
							Dresher, PA 19025
							(215) 884-2491